FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR MRAZ,

      Plaintiff,

v.

      Case No.:

I.C. SYSTEM, INC., a Minnesota corporation,

    2:18-cv-254-FtM-99CM

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, VICTOR MRAZ (hereinafter referred to as "Plaintiff" or "Mr. Mraz"), by and through the undersigned counsel, and hereby asserts his claims against I.C. SYSTEM, INC. (hereinafter referred to as "Defendant" or "ICS") for damages, and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Victor Mraz, is a natural person who resides in Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, ICS, is a Minnesota corporation operating from a principal address of 444 Highway 96 East, St. Paul, Minnesota 55164-0378, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) because it is principally engaged in the business of collecting debts, and regularly collets debts owed or due or asserted to be owed or due to another. Defendant uses the United States postal service and telephones in connection with its debt collection business. Upon information and belief, Defendant has significant and substantial contacts with the State of Florida.

## FACTUAL ALLEGATIONS

6. In February 2018, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes. Specifically, Plaintiff allegedly incurred debt for medical services (hereinafter referred to as the "Debt") to Terry L. Tucker, OD (hereinafter the "Doctor").

7. The Debt was allegedly incurred by Plaintiff in connection with a doctor's appointment for his minor son. Plaintiff's father took Plaintiff's son to the appointment with the Doctor, but was informed that the Doctor would not see them as father was not a legal guardian of Plaintiff's son.

8. As a result, the Doctor charged Plaintiff a $50.00 "cancellation fee" (previously defined herein as the "Debt"). Plaintiff had never agreed to be responsible for this fee, nor was he ever previously informed that this fee could be charged for

"cancellation". Plaintiff disputed this fee on the merits, as it was the Doctor who unilaterally "cancelled" the appointment by refusing to see Plaintiff's son.

9. Plaintiff never paid or attempted to pay the Debt, as it was adamantly disputed.

10. Sometime thereafter, the Debt was consigned, placed or otherwise transferred to ICS for collection from Plaintiff.

11. On March 3, 2018, ICS began its collection efforts against Plaintiff by sending him a dunning letter (hereinafter referred to as the "Letter"). *See* **Exhibit "A"** attached hereto.

12. The Letter made the following statements:

    a. "Since your payment to Terry L Tucker Od (sic) was refused and returned by your bank, you are now responsible for the total balance."

    b. "Terry L Tucker Od (sic) is both the original and current creditor to whom this debt is owed."

*See* Exhibit "A".

13. The first statement above is false, misleading, and deceptive because Plaintiff *never* made a payment on the Debt. Accordingly, there is *no way* that Plaintiff's bank "refused and returned" his payment.

14. The first statement is also deceptive in that following its false statement, it states that Plaintiff is *"now* responsible for the total balance" (*emphasis added*), as if he no longer had a valid dispute.

15. The second statement above is false, misleading, and deceptive as it asserts, without qualification, that the "debt is owed." There is, in fact, *no debt* in existence, as no services were rendered or accepted, there was never an agreement (or even notice)

15. regarding a "cancellation fee", and no legal basis whatsoever for asserting that the Debt is owed. Therefore, ICS's assertion that the "debt is owed" is false.

16. The Letter specifically states: "We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose." *See* Exhibit "A".

17. The above-detailed conduct by Defendant in an effort to collect the Debt from Plaintiff is a violation of numerous and multiple provisions of the FDCPA.

18. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress experienced by the Plaintiff.

19. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant, including but not limited to, anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

20. Plaintiff incorporates by reference paragraphs 1 – 19 above as though fully restated herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

22. Defendant violated 15 U.S.C. § 1692e(2), which prohibits a debt collector, in connection with the collection of a consumer debt, from making any false representation of the character, amount, or legal status of any debt.

23. Defendant violated said statute by sending the Letter, which falsely stated that (1) Plaintiff was responsible for the Debt because his payment "was refused and

returned" by the bank, and (2) that the Debt is "owed" despite the fact that there was no legal basis to make such assertion.

24. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

25. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

26. Plaintiff incorporates by reference paragraphs 1 – 19 above as though fully restated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

28. Defendant violated 15 U.S.C. § 1692e(10), which prohibits a debt collector from using any false representations or deceptive means to collect or attempt to collect any debt.

29. Defendant violated said statute by sending the Letter, which falsely represented that (1) Plaintiff was responsible for the Debt because his payment "was refused and

returned" by the bank, and (2) that the Debt is "owed" despite the fact that there was no legal basis to make such assertion.

30. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

31. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

32. Plaintiff incorporates by reference paragraphs 1 – 19 above as though fully restated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Fair Debt Collection Practices Act.

34. Defendant violated 15 U.S.C. § 1692f(1), which prohibits a debt collector from collecting any amount unless "expressly authorized by the agreement creating the debt or permitted by law."

35. Defendant violated said statute by attempting to collect the Debt, which was never incurred by Plaintiff, and which the original creditor was not expressly authorized to charge pursuant to any agreement or statute.

36. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

37. Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, the Plaintiff seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## JURY TRIAL DEMAND

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, VICTOR MRAZ, having set forth his claims for relief against the Defendant, I.C. SYSTEM, INC., respectfully prays of the Court as follows:

A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to 15 U.S.C. § 1692k;

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to 15 U.S.C. § 1692k;

C. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by his attorney pursuant to 15 U.S.C. § 1692k; and

D. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: <u>April 13, 2018</u>               *Respectfully submitted,*

                                           **THE DELLUTRI LAW GROUP, P.A.**
                                           The Dellutri Law Group Plaza
                                           1436 Royal Palm Square Blvd.
                                           Fort Myers, FL  33919
                                           (239) 939-0900
                                           (239) 939-0588 – Fax
                                           ***Attorneys for Plaintiff***

                                           By:  <u>Joseph C. LoTempio</u>
                                                  Joseph C. LoTempio, Esq.
                                                  Fla. Bar No. 0086097
                                                  jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _____ )
                               ) ss
COUNTY OF _____ )

Plaintiff, VICTOR MRAZ, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                          VICTOR MRAZ

Subscribed and sworn to before me this 12th day of April, 2018 by VICTOR MRAZ who:

☒ is personally known; or

☐ produced identification _____.

                                         Notary Public

ASHLEY CYNTHIA WINSTEL
MY COMMISSION # FF937171
EXPIRES November 18, 2019
(407) 398-0153   FloridaNotaryService.com