UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR MRAZ,

    Plaintiff,

v.                                            Case No.:  2:18-cv-254-FtM-38NPM

I.C. SYSTEMS, INC.,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation.  (Doc. 53).  Judge Mizell recommends granting in part and denying in part Plaintiff Victor Mraz's Motion for an Award of Costs and Attorneys' Fees.  Both parties object to the Report and Recommendation, and the time for more responses has expired.

Plaintiff Victor Mraz sued I.C. Systems, Inc. for violating the Fair Debt Collection Practices Act ("FDCPA").  Both parties moved for summary judgment.  Plaintiff won.  (Doc. 33).  Defendant then served an Offer of Judgment, which Plaintiff accepted, and the Court entered.  (Doc. 38; Doc. 39).  Plaintiff then moved for costs and attorneys' fees, which led to the Report and Recommendation.  The Court, however, need not address the Report and Recommendation because its subject matter jurisdiction is now at issue.

Two weeks ago, Defendant moved to dismiss the complaint for lack of standing because of the Eleventh Circuit's decision in *Trichell v. Midland Credit Mgmt. Inc.*, No.

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

18-14144, 2020 WL 3634917 (11th Cir. July 6, 2020). There, the Eleventh Circuit held the plaintiffs did not suffer an injury in fact to pursue an FDCPA claim "when they received allegedly misleading communications that did not mislead them." *Id.* at *9. In so holding, the court found (1) violating the FDCPA alone was not a concrete injury under the history and judgment of Congress; (2) the plaintiffs' complaints never alleged they were at substantial risk of being misled by the collection letters; and (3) any risk to the plaintiffs dissipated before they filed their complaints.

Because of *Trichell*, Defendant moves the Court to vacate it summary judgment order and dismiss this case for lack of standing. (Doc. 57). It argues that all risk of harm dissipated before Plaintiff sued because its collection efforts stopped once he disputed the debt. Plaintiff disagrees, arguing the offer of judgment and record prevent dismissal.

The parties' latest litigation changes the case's posture. If Plaintiff lacks standing, then the Court must dismiss the case. And dismissal will mean Plaintiff is not a prevailing party entitled to fees and costs. If Plaintiff has standing, then he may wish to recover any fees expended to defend Defendant's jurisdictional attack. The Court thus denies without prejudice the motion for costs and attorneys' fees and moots the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Victor Mraz's Motion for an Award of Costs and Attorneys' Fees (Doc. 41) is **DENIED** without prejudice.

(2) United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 53) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of July 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record