UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR MRAZ,

    Plaintiff,

v.                                                                  Case No.:  2:18-cv-254-FtM-38NPM

I.C. SYSTEMS, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

    Before the Court is Defendant I.C. System Inc. (ICS)'s Motion to Dismiss Complaint without Prejudice for Lack of Article III Jurisdiction (Doc. 57) and the parties' many responses, replies, and notices of supplemental authority.

    This is a Fair Debt Collection Practices Act (FDCPA) case stemming from a visit to the eye doctor. Mraz's son went to see Terry Tucker, O.D., who would not examine him because he was not accompanied by a legal guardian. Dr. Tucker thus charged Mraz a $50 cancellation fee. Mraz refused to pay the debt because he never agreed to be responsible for the fee. After failed attempts to contact Mraz, Dr. Tucker's office transferred the debt to ICS for collection.

    ICS started its collection process by conducting some standard verification procedures and sending Mraz a dunning letter. In part, the letter stated, "Since

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

your payment to Terry L Tucker Od [sic] was refused and returned by your bank, you are now responsible for the total balance." (Doc. 19 at 3; Doc. 26 at 4). That was not true. The letter also notified Mraz he had thirty days to dispute the validity of the debt. When Mraz informed ICS he disputed the debt's validity, ICS stopped all collection efforts and asked Dr. Tucker for validation. Dr. Tucker notified Mraz there was no balance due and withdrew the account from collections. ICS took no further collection measures. But Mraz still filed this suit, claiming the letter caused him to suffer "anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment." (Doc. 1-3 at 4).

Both parties moved for summary judgment. The Court ruled for Mraz on FDCPA liability and ordered the parties to confer on damages. ICS served a Rule 68 Offer of Judgment on Mraz, Mraz accepted, and the Court entered judgment. Then, the Eleventh Circuit issued an opinion—*Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020)—bringing the Court's subject matter jurisdiction into question. ICS now moves to dismiss this case for lack of jurisdiction under Article III of the Constitution.[2] Since ICS mounts a facial attack, the Court must merely "look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," taking the allegations made in the Complaint as

---

[2] Mraz argues ICS cannot challenge the Court's jurisdiction after Mraz accepted its offer of judgment. But ICS made the offer of judgment only after the Court granted Mraz summary judgment on the issue of liability, which ICS forcefully opposed. If the Court lacks jurisdiction, its summary judgment order is void. Thus, the Court finds it proper to consider ICS's motion.

true. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). The *Trichell* court considered whether two FDCPA plaintiffs had Article III standing. Both *Trichell* plaintiffs received collection letters designed to entice them into making payments on time-barred debts, potentially giving rise to new limitations periods. *Trichell*, 964 F.3d at 995. Although neither plaintiff made a payment, they asserted standing based on risk and informational injuries, which they considered concrete. The Eleventh Circuit found the plaintiffs lacked standing for three reasons: (1) they did "not allege that the collection letters posed any risk of harm to themselves[,]" (2) "any risk that the letters may have posed to them had dissipated by the time they filed suit[,]" and (3) "an asserted informational injury that causes no adverse effects cannot satisfy Article III." *Id.* at 1000, 1004.

*Trichell* is inapposite here because Mraz does not rely on risk or informational injuries to confer standing. Rather, Mraz alleged that ICS's collection efforts caused him emotional distress. Intangible injuries—like the emotional harms alleged by Mraz—can be concrete, especially when identified by Congress as legally cognizable injuries. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). The FDCA allows plaintiffs to recover "any actual damage sustained" as a result of a violation. 15 U.S.C. § 1692k(a)(1). And "[a]ctual damages under the FDCPA include damages for emotional distress." *Minnifield v. Johnson &*

3

*Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011). Mraz's allegations of emotional harms thus gave him Article III standing to file this suit.[3]

Accordingly, it is now

**ORDERED:**

Defendant I.C. System Inc.'s Motion to Dismiss Complaint without Prejudice for Lack of Article III Jurisdiction (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 2, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] Given the importance of the jurisdictional question at issue, the Court reviewed the parties' summary judgment evidence *sua sponte* and found nothing that belies Mraz's damages allegations.

4