UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR MRAZ,

    Plaintiff,

v.                            Case No.: 2:18-cv-254-FtM-38NPM

I.C. SYSTEMS, INC.,

    Defendant.
_____/

### **ORDER**[1]

Before the Court is Defendant I.C. Systems, Inc.'s ("ICS") Motion for Reconsideration (Doc. 86) and Plaintiff Victor Mraz's response in opposition (Doc. 88). The Court denies the Motion.

"A motion for reconsideration must show why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (citation omitted). Courts generally recognize three bases for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

evidence; and (3) the need to correct clear error or manifest injustice." *Id.* "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 869 F. Supp. 2d 1336, 1348 (M.D. Fla. 2012). And district courts have discretion to grant it. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

ICS contends there was an intervening change in law. Recently, the Eleventh Circuit issued a behemoth opinion on standing—*Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020) (en banc). Where relevant, says ICS, reconsideration is necessary because *Muransky* held *Twiqbal* applies to standing allegations. And according to ICS, Mraz's allegations on emotional distress were conclusory and implausible. Yet *Muransky* isn't a change in law because the Eleventh has already applied *Twiqbal* to standing. *E.g.*, *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020). To be sure, *Muransky* bore the en-banc stamp prior decisions lacked. But as relevant to Mraz's alleged injury, the decision was a simple application and explanation of this Circuit's law on standing in statutory cases.

Leaving that aside, the Court need not reconsider because *Muransky* does not change the Court's conclusion. Again, Mraz does not allege a risk-of-harm injury. Rather, in *Muransky* parlance, Mraz alleged a direct intangible injury of emotional distress. And as the Court already decided, "Mraz's allegations of emotional harms gave him Article III standing to file this suit."

(Doc. 70 at 4). While ICS conflates the pleading necessary for direct and risk-of-harm injuries, *Muransky* goes to great lengths to clarify the differences between the two.

Mraz alleged he suffered emotional distress (i.e., "anger, anxiety, emotional distress, fear, frustration, humiliation, and embarrassment") from ICS' collection attempt. (Doc. 1-3 at 4). Contrary to ICS' assertion, the Complaint makes a factual allegation of an intangible injury, not a bare legal conclusion. Put simply, Mraz alleged the how and why of his injury by telling ICS the distress he felt from the letter saying the doctor sent him to a collection agency for a debt. At the pleading stage, the Court must take that as true. And it is more than plausible that Mraz would feel scared, mad, embarrassed, and frustrated upon reading the false dunning letter. Because the injury alleged was sufficiently concrete, Mraz had standing when he sued.

As the briefing wears on, ICS eventually makes its position clear that it expected Mraz to plead his emotional distress in detail. Yet ICS has not pointed to anything supporting the notion that plaintiffs must plead emotional distress with particularity.[2] Instead, ICS cites cases in which courts held plaintiffs failed to state claims for intentional infliction of emotional distress. The pleading requirements for that tort, however, are not coterminous with

---

[2] In fact, the Rules prescribe otherwise. Fed. R. Civ. P. 9(b) (stating "conditions of a person's mind may be alleged generally").

3

minimal Article III standing allegations for emotional distress suffered from FDCPA violations. Likewise, ICS suggests Mraz needed physical manifestations or severe distress to make out a concrete injury. Obviously, the extent of emotional distress is central to the ultimate recovery for those damages. *Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1211-13 (M.D. Fla. 2015). But severe harm is not the *sine qua non* of Article III standing. *Muransky*, 979 F.3d at 927 (explaining "very nearly any level of direct injury is sufficient to show a concrete harm"). Even if Mraz's injury were just an "identifiable trifle," such a direct harm is enough to be concrete. *E.g.*, *Salcedo v. Hanna*, 936 F.3d 1162, 1167 ("A concrete injury need be only an identifiable trifle." (cleaned up)). Again, Mraz simply needed to allege a plausible, concrete injury. Because he did, the Court declines ICS' invitation to weigh the severity of harm.

This Court has an obligation to determine its jurisdiction. And this case went to summary judgment, when the proof required for standing is greater than it is at the pleading stage. So even though the parties didn't address it, the Court again reviewed the summary judgment record *sua sponte*. Once more, it "found nothing that belies Mraz's damages allegations." (Doc. 70 at 4 n.3). In fact, the Court found just the opposite. The only evidence offered on Mraz's emotional distress was his own unrebutted affidavit. Mraz explained he was "extremely offended and agitated" by the letter because it was untrue.

4

(Doc. 25-1 at 2). What is more, he was worried about licensure for his job, which had "strict reporting requirements" for defaulted debts. (Doc. 25-1 at 2-3). And there was the added concern about going "through the ordeal of clearing everything up." (Doc. 25-1 at 3). These were specific, sworn facts supporting the allegations for emotional distress.

Essentially, ICS wants the Court to find no standing because it thinks minor emotional injuries are not enough. Yet this Court cannot do so. Neither the parties nor Court found any controlling law for the proposition that courts can discount emotional distress allegations as not concrete unless they are severe. Given this conclusion, ICS' Motion to Stay (Doc. 87) is denied as moot.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion for Reconsideration of Order Denying Motion to Dismiss for Lack of Article III Jurisdiction (Doc. 86) is **DENIED**.

(2) Defendant's Motion to Stay Case Pending Resolution of its Reconsideration of Order Denying Motion to Dismiss for Lack of Article III Jurisdiction (Doc. 87) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 4, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record